JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

MELINDA HAAG (CABN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
SARA WINSLOW (DCBN 457643)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-6925
    Facsimile: (415) 436-7243

KENNETH ROONEY (NM BN 128670)
Trial Attorney
Natural Resources Section
U.S. Department of Justice

*Attorneys for Federal Defendants*
(Additional counsel listed on next page)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CITY OF BERKELEY; MAYOR AND MEMBERS OF THE CITY COUNCIL OF THE CITY OF BERKELEY,<br>    Plaintiffs,<br>v.<br>UNITED STATES POSTAL SERVICE; ESTATE, USPS PACIFIC REGION,<br>    Defendants. | Case No.: 3:14-cv-04916-WHA<br><br>CASE MANAGEMENT STATEMENT<br><br>Date: Thursday, March 26, 2015<br>Time: 8:00 am<br>Judge: Hon. William Alsup |

3:14-CV-04916 WHA                           1

1  ZACH COWAN, City Attorney (SBN 96372)
   CITY OF BERKELEY
2  2180 Milvia Street, Fourth Floor
   Berkeley, CA 94704
3  TEL.: (510) 981-6998
   FAX: (510) 981-6960
4
   ANTONIO ROSSMANN, Special Counsel (SBN 51471)
5  ROGER B. MOORE (SBN 159992)
   ROSSMANN AND MOORE, LLP
6  2014 Shattuck Avenue
   Berkeley, CA 94704
7  TEL: (510) 548-1401
   FAX: (510) 548-1402
8
   Attorneys for Plaintiffs
9  CITY OF BERKELEY, et al.

27 3:14-CV-04916 WHA                    2

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Federal Rule of Civil Procedure 26, Civil Local Rule 16-9, and the Court's Standing Order, ECF 17-1, the parties respectfully submit this Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>

Plaintiffs allege this Court has subject matter jurisdiction pursuant to 39 U.S.C. § 409 (suits by and against the Postal Service); 28 U.S.C. § 1331 (federal question, including NEPA, 42 U.S.C. § 4321, *et seq.*, and NHPA, 16 U.S.C. § 470); and 28 U.S.C. § 2201 (declaratory judgment). Plaintiffs contend that the matter is neither moot nor unripe.

Defendants assert that this court lacks subject matter jurisdiction because this case is moot or, alternatively, unripe. Defendants also set forth a number of affirmative defenses in its Motion to Dismiss. *See* ECF No. 47. Defendants agree that service has been completed and that venue is proper in this District.

2. <u>Facts</u>

Plaintiffs brought suit following the Postal Service's decision to enter into a purchase and sales agreement to sell the Berkeley Main Post Office. On December 3, 3014, Hudson McDonald terminated the Sales Agreement. *See* Joint Status Report on the Cancellation of the Sales Agreement and Notice of Withdrawal of the Preliminary Injunction Motion, ECF No. 38, Attachment A. Following this Court's December 11, 2014, status conference, Plaintiffs amended their Complaint. *See* Am. Compl., ECF No. 46.

Plaintiffs challenge the following actions of the Postal Service: issuance of a Final Determination Regarding Relocation of Retail Services, issued July 18, 2013; its compliance with the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4332; and its compliance with the National Historic Preservation Act ("NHPA"), 16 U.S.C. § 470f. Defendants filed a motion to dismiss on January 22, 2015, and that motion is scheduled for a hearing on March 26 at 8:00 a.m.

### 3. Legal Issues

Defendants' motion to dismiss has set forth several legal issues: 1) Whether Plaintiffs' claims are moot; 2) whether Plaintiffs' claims are ripe; 3) whether, even if not moot or unripe, Plaintiffs have set forth a private right of action to enforce the Postal Service's compliance with NEPA or the NHPA; and, 4) even assuming a cause of action under the Administrative Procedure Act, whether Plaintiffs have identified a final agency action.

### 4. Motions

If this Court denies Defendants' Motion to Dismiss, and assuming this Court finds that Plaintiffs' NEPA and NHPA claims are properly brought pursuant to the provisions of the APA, 5 U.S.C. §§ 701-706, the parties anticipate that this Court will resolve the entire dispute via cross-motions for summary judgment under Federal Rule of Civil Procedure 56, on the basis of the administrative record filed by the Postal Service.

### 5. Amendment of Pleadings

Plaintiffs have filed an amended complaint. *See* Am. Compl., ECF No. 46.

### 6. Evidence Preservation

Plaintiffs filed this case challenging final agency action pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 551-706. The agency has preserved the documents that are part of the administrative record in this case. Accordingly, assuming this Court finds that the APA provides Plaintiffs with the requisite cause of action, the Defendants will prepare the administrative record containing the documents upon which the agency directly or indirectly relied in reaching its decision. *Thompson v. U.S.Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." ); 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party . . . .").

7. Disclosures

Assuming this Court finds that the APA applies, the parties agree that this case is an action for review on an administrative record pursuant to the APA, 5 U.S.C. § 701 *et seq.*, and is therefore exempt from the initial disclosure requirements of Federal Rule of Civil Procedure 26. Fed. R. Civ. P. 26(1)(B)(i).

8. Discovery

No discovery has been taken to date, and none has been proposed. Because this is an action for review on the administrative record, no discovery is expected.

9. Class Actions

This is not a class action.

10. Related Cases

As this Court held in an order dated December 1, 2014, this case is related to *National Trust for Historic Preservation v. United States Postal Service*, 3:14-cv-5179-WHA (filed Nov. 24, 2014) (ECF No. 15). A separate case management statement will be filed in that case.

In accordance with Fed. R. Civ. P. 42(a), the parties believe that consolidation of the two cases is appropriate in the event this Court does not dismiss the case. The purpose of consolidation is to achieve judicial convenience and economy by avoiding duplicative proceedings. *See Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496- 497 (1933). Both lawsuits challenge the same Postal Service decisions. As a consequence, there is overlap in the factual and legal issues between these cases, and the administrative record would conceivably be identical. Consolidation will allow the management of these cases to be integrated and will serve the interest of judicial economy by avoiding duplicative briefing and argument. Finally, because all of these cases are in their initial stages, no party will be prejudiced by their consolidation.

11. Relief

The relief sought by Plaintiffs is as follows:

1. Adjudge and declare that defendants cannot proceed with any relocation or sale of the Berkeley Main Post Office unless and until the USPS proceeds as required by the NHPA;

2. Adjudge and declare that defendants cannot proceed with any relocation or sale of the Berkeley Main Post Office unless and until the USPS fully complies with NEPA, including the preparation of an environmental assessment and EIS;

3. Grant an injunction against defendants proceeding with any relocation or sale of the Berkeley Main Post Office unless and until the USPS proceeds as required by the NHPA;

4. Grant an injunction against defendants proceeding with any relocation or sale of the Berkeley Main Post Office unless and until the USPS fully complies with NEPA, including the preparation of an environmental assessment and EIS;

5. Award plaintiffs costs and attorneys' fees pursuant to the Equal Access to Justice Act 28 (U.S.C. §2412), NHPA (16 U.S.C. § 470w-4), and any other applicable requirements of law or equity;

6. Issue any additional relief that the Court deems just and proper.

12. <u>Settlement and ADR</u>

The parties believe that ADR may assist in the resolution of the case.

13. <u>Consent to Magistrate Judge for All purposes</u>

The parties do not consent to a Magistrate Judge for all purposes.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation

15. <u>Narrowing of Issues</u>

Narrowing issues for presentation at trial is not relevant in this administrative record case, and there is no request to bifurcate issues, claims or defenses

16. <u>Expedited Trial Procedure</u>

A trial is not expected here.

17. Scheduling

In the event the Court does not grant Defendant's motion to dismiss, the parties propose the following schedule to lodge the administrative record and resolve any disputes regarding the contents of the administrative record.

| | |
|---|---|
| Defendants lodge the administrative record | **60 days** following this Court's order on Defendants' Motion to Dismiss |
| Plaintiffs will notify Defendants of any disputes concerning the contents or completeness of the administrative records. | **21 days** |
| Defendants will respond to Plaintiffs' concerns regarding the contents and completeness of the administrative records. | **14 days** |
| Deadline for any party to file a motion regarding the completeness of the administrative records, a motion to admit extra-record evidence, or stipulation as to the contents of the administrative record, and as needed, the lodging of a supplemental administrative record. Briefing on any such motion shall proceed in accordance with Civil Local Rule 7. | **7 Days** after the date parties agree on the contents of the administrative record or on the need to seek assistance from the Court to resolve any remaining disputes regarding the contents of the administrative record. In advance of this date, parties agree to try and amicably reach a resolution as to the contents of the record. |

The Parties were unable to reach agreement on summary judgment briefing itself. The Plaintiffs propose uniform and simultaneous summary judgment briefing by all parties. In Plaintiffs' view, the merits of their action challenging Defendants' NEPA and NHPA compliance can be most efficiently resolved through cross-motions for summary judgment proceeding on the same briefing schedule. This traditional approach would appropriately assign the last opportunity for briefing to the moving party bearing the burden of proof. Plaintiffs believe that this is not a proceeding, such as those mentioned below, where staggered briefs are necessary for Respondents to understand the precise points at issue. Should the Court prefer a staggered briefing schedule, however, Plaintiffs recommend the elimination of Defendants' proposed reply.

Federal Defendants propose staggered summary judgment briefing. In their experience, it is more efficient for the plaintiffs to file their brief first, then for the defendants to respond with a combined opposition and cross-motion. If Plaintiffs file the opening brief, Defendants will be able to respond to the precise arguments articulated, rather than speculate about what arguments Plaintiffs may or may not make. Defendants therefore believe that the Court would be better served by briefs that respond directly to each other, rather than simultaneous briefs that are often less focused upon the precise points at issue. *See, e.g.*, *High Sierra Hikers Assn v. Weingardt*, 521 F.Supp.2d 1065, 1093 (N.D. Cal. Oct. 30, 2007) ("In preparing their joint statement, the parties should keep in mind that the Court prefers staggered, rather than simultaneous, briefing."); *see also Karuk Tribe v. Kelley*, Civ. No. 3:10-cv-2039-WHA (N.D. Cal. filed May 12, 2010) (requiring staggered summary judgment briefing).

Under either a simultaneous or staggered briefing schedule, the Parties agree that opening briefs should be filed 45 days after the administrative record is determined to be complete, responses 30 days after opening briefs, and replies filed 21 days after the responses.

*Plaintiffs' proposed simultaneous briefing schedule:*

| Plaintiffs' and Defendants' opening summary judgment briefs | **45 days** after the date the administrative record for judicial review is determined complete, either by stipulation of the parties or pursuant to an Order of the Court resolving any dispute regarding the completeness of the administrative record. |
|---|---|
| Plaintiffs' and Defendants' Response briefs | **30 days** after opening summary judgment briefs. |
| Plaintiffs' and Defendants' Reply briefs | **21 days** after response briefs. |

*Defendants' proposed staggered briefing schedule:*

| Plaintiffs' Motion for Summary Judgment. | **45 days** after the date the administrative record for judicial review is determined complete, either by stipulation of the parties or pursuant to an Order of the Court resolving any dispute regarding the completeness of the administrative record. |
|---|---|

3:14-CV-04916 WHA                                8

| | |
|---|---|
| Defendants' Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment. | **45 days** after Plaintiffs' Combined Motion for Summary Judgment. |
| Plaintiffs' Combined Reply in Support of their Motion for Summary Judgment and Response to Defendants Cross-Motion for Summary Judgment. | **30 days** after Defendants' Combined Response to Plaintiffs' Motion for Summary Judgment and Cross-Motion for Summary Judgment. |
| Defendants' Reply in Support of Their Motion for Summary Judgment. | **21 days** after Plaintiffs' Combined Reply and Response. |

18. Trial

The administrative record will contain the facts relating to each party's claims and defenses, and the parties anticipate that this Court can resolve the entire dispute via cross-motions for summary judgment without the need for a trial. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

19. Disclosure of Non-Party Interested Entities or Persons

Plaintiffs are not aware of any non-party interested entities or persons.

Defendants are exempt from filing a Certification of Interested Entities or Persons under Civil Local Rule 3-16(a)

20. Professional Conduct

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

21. Such Other Matters As May Facilitate Just, Speedy, and Inexpensive Resolution

The parties are not aware of any matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

DATED: March 19, 2015                    Respectfully submitted,


JOHN C. CRUDEN
Assistant Attorney General
Environmental & Natural Resources Division

MELINDA HAAG
United States Attorney
By:      /s/ Kenneth D. Rooney
KENNETH ROONEY (NMBN 128670)
Trial Attorney
Natural Resources Section

SARA WINSLOW (DCBN 457643)
Assistant United States Attorneys

*Attorneys for Federal Defendants*

OF COUNSEL:
JANINE CASTORINA
Appellate and Commercial Litigation
United States Postal Service



ZACH COWAN, City Attorney (SBN 96372)
City of Berkeley


ANTONIO ROSSMANN, Special Counsel (SBN 51471)
ROGER B. MOORE (SBN 159992)
ROSSMANN AND MOORE, LLP


By:  /s/ Roger B. Moore


Attorneys for Plaintiffs
City of Berkeley, *et al*.